FILED
United States Court of Appeals
Tenth Circuit

August 7, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EVERETT THOMAS,

      Plaintiff-Appellee,

v.

THOMAS P. ADRAHTAS, in his
individual capacity as a police officer for
the City of Medicine Park,

      Defendant-Appellant,

and

ROD MCKEE, in his official capacity as
Chief of Police for the City of Medicine
Park; CITY OF MEDICINE PARK,

      Defendants.

No. 13-6003
(D.C. No. 5:11-CV-00721-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit
Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In this interlocutory appeal, defendant Thomas P. Adrahtas challenges the district court's denial of his motion for summary judgment seeking qualified immunity on plaintiff Everett Thomas's excessive-force claim under 42 U.S.C. § 1983.  After reviewing the record, we affirm.

Plaintiff filed a complaint alleging that Defendant used excessive force before and after handcuffing and arresting him.  Defendant moved for summary judgment, asserting that he used only an appropriate and necessary amount of force to arrest Plaintiff and was entitled to qualified immunity.  The district court ruled that there were genuinely disputed issues of material fact, precluding summary judgment.

Ordinarily we lack jurisdiction to review a denial of summary judgment sought on the ground of qualified immunity if the denial is based on the district court's determination that there is sufficient evidence (albeit disputed) to support the Plaintiff's claim.  *See Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010).  But there is an exception when the district court fails to "set forth with specificity the *facts* – the who, what, when, where, and why" supporting the claim.  *Id.* at 1226.  The district court's order does not provide such specificity, so we have jurisdiction to determine the propriety of the denial of summary judgment.

Our decision can be brief.  The record contains sworn statements and medical records to the effect that after Plaintiff was handcuffed, Defendant stepped on his back, rendering him unconscious, drop-kicked him, kicked him in the head and neck

and repeatedly slammed the patrol car door on his leg, and that Plaintiff suffered significant injuries, including a concussion, wrist and knee injuries, and long-term vision problems. Defendant's brief on appeal does not adequately confront this evidence. *See Buck v. City of Albuquerque*, 549 F.3d 1269, 1275, 1290 (10th Cir. 2008) (despite district court's determination that any injury was de minimis, a jury could find excessive force when plaintiff was pushed face down onto the pavement, kneed in the small of his back, pinned to the ground, handcuffed, and exposed to tear gas); *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1195 (10th Cir. 2001) (stating that "[p]hysical injury may be the most obvious injury that flows from the use of excessive force," but "declin[ing] to adopt a 'bright-line' standard dictating that force cannot be 'excessive' unless it leaves visible cuts, bruises, abrasions or scars").

The district court's order denying Defendant's motion for summary judgment is affirmed.

Entered for the Court


Harris L Hartz
Circuit Judge